J-A19019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2216 EDA 2018 |

Appeal from the Dispositional Order, June 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Juvenile Division at No(s):  CP-51-JV-0001671-2017.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 22, 2019**

In this juvenile proceeding, Appellant, D.B., was charged with Rape, Unlawful Restraint - Serious Bodily Injury, Sexual Assault and Indecent Assault.[1]  He was adjudicated delinquent on the charge of attempted indecent assault, and now appeals from the dispositional order following that adjudication.  After review, we affirm.

We glean from the juvenile court the relevant history:

> At the adjudicatory hearing held on October 19, 2017, this Court heard the testimony of one (1) witness, a 12-year-old female, the complainant, A.R.  She testified that approximately four years prior, she was living in the home of her mother's best friend in Philadelphia when she encountered the [Appellant], D.B.  The [complainant] explained that her mother's friend had three children also living there.  The [complainant] said she was sharing a room

---

[1] 18 Pa.C.S. § 3121(A)( 1 ),  §2902(A)(1), § 3124.1 and § 3126 (A)(1), respectively.

---

*   Former Justice specially assigned to the Superior Court.

with [D.B.]'s younger sister. The complainant testified that one evening she and [the sister] were asleep in bed, both wearing pajamas and underpants, when [the complainant] was awakened with the [D.B.] kneeling "over top of" her taking off his pants. The [complainant] explained that she and [the sister] were both on the floor, on their stomachs, with underwear and pajamas pulled down. The [complainant] added that [D.B] turned her over and was about to put his penis into her private area when she told him to move and to stop. The complainant testified that [D.B.'s] privates were inches away from her privates when he stopped. The complainant then testified that when [D.B.] stopped, she went back on the bed and pulled up her pajama pants and underwear.

The complainant then said that [D.B.] then went over to his sister, and "he did what he was trying to do to me." The complainant could not see if [the sister] was awake when "he put his penis in [the sister's] butt." The complainant testified that her mother was about to come upstairs when [D.B.] pulled up his underwear and pajama pants, as well as [the sister's] and he put his sister back on the bed. The complainant's mother then walked into the room while [D.B.] was standing over the top of the bed and her mother asked him what he was doing. [D.B.] said the complainant was "looking for bugs."

The complainant went on to testify that [D.B.] performed the same acts on his sister the next three nights in a row. The complainant tried to talk to [the sister] about the occurrence, but [the sister] "didn't like it when [the complainant] talked about that kind of stuff." The complainant eventually told her father about these events just this past year, one morning when she was getting ready for school. Complainant also explained that she had written her father a letter the night before saying that she was depressed and that she wanted to kill herself. Following the complainant's testimony defense counsel stipulated to the authenticity of the complainant's letter that she wrote to her father and it was entered into evidence as Exhibit C-1.

Juvenile Court Opinion, 12/16/18, at 4-6 (citations to Notes of Testimony omitted).

The juvenile court found that D.B. was in need of treatment, supervision and rehabilitation and adjudicated him delinquent. The court ordered D.B. to pay court costs and directed that he be placed at a community based shelter until he could be placed in the residential treatment facility at Adelphoi Village Residential Sex Offender Program. This program was the least restrictive placement that was consistent with the protection of the public and best suited to the D.B.'s supervision, rehabilitation and welfare.

On July 26, 2018, D.B. filed a timely notice of appeal. He raises one issue for our review:

> Did not the lower court err, abuse its discretion, and deny D.B. the opportunity for a fair adjudicatory hearing, when it allowed the complainant, A.R., to testify at length about other acts concerning D.B.'s sister, where the Commonwealth did not give formal notice that it sought to introduce such evidence, where D.B.'s sister did not testify at the hearing, and where the effect of [the complainant's] testimony regarding uncharged conduct concerning an individual not named in the complaint was irrelevant and highly prejudicial?

D.B.'s Brief at 3.

D.B.'s challenge concerns three separate grounds: whether the complainant's testimony violated the confrontation clause for want of notice; whether the complainant's testimony was relevant; and whether the complainant's testimony was unfairly prejudicial. Preliminarily, we observe that D.B. did not properly preserve the first of these contentions. As the juvenile court noted:

> A review of the transcript of the October 19, 2017 Adjudicatory Hearing would reveal that [D.B.'s] counsel objected solely on the

- 3 -

> grounds of relevance. The court overruled defense counsel's objections and permitted introduction of the testimony. There is nothing in the record to indicate and or to suggest that [D.B.'s] counsel objected on the grounds that the Commonwealth failed to provide reasonable notice. Accordingly, this court believes that [D.B.'s] counsel has was waived his right to object on the grounds that the Commonwealth failed to provide reasonable notice.

Juvenile Court Opinion at 8 (emphasis omitted).

We agree. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Thus any arguments that the lack of notice violated D.B.'s right to confrontation are waived. Nevertheless, we note that D.B.'s sister did not need to testify to corroborate the complainant's testimony, because the complainant personally witnessed the events about which she testified. "A witness may testify to a matter only if evidence is introduced to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Pa.R.E. 602. "Personal or firsthand knowledge is a universal requirement of the law of evidence." Comment to Pa.R.E. 602 (citation omitted).

We turn to the crux of the appeal, whether the admission of the testimony was irrelevant or unfairly prejudicial. We begin with our standard of review. Admissibility of evidence is within the sound discretion of the juvenile court and we will not disturb an evidentiary ruling absent an abuse of that discretion. **Commonwealth v. Arrington**, 86 A.3d 831, 842 (Pa. 2014) (citing **Commonwealth v. Flor**, 998 A.2d 606, 623 (Pa. 2010)). An abuse of discretion may not be found merely because an appellate court might have

reached a different conclusion, but requires a result of manifest unreasonableness, partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. **Commonwealth v. Hairston**, 84 A.3d 657, 664-665 (Pa. 2014).

It is hornbook law that evidence is relevant and admissible when it tends to establish a material fact, tends to make a material fact more or less probable, or supports a reasonable inference or presumption regarding a material fact. **See Commonwealth v. Kinard**, 95 A.3d 279, 284 (Pa. Super. 2014); **see also** Pa.R.E. 401; **and see** Pa.R.E. 402. Nevertheless, even when the evidence is relevant, the court may exclude evidence if it is unfairly prejudicial. **See Commonwealth v. Boczlowski**, 846 A.2d 75, 88 (2004) (citations omitted); Pa.R.E. 403. Likewise, evidence of prior wrongs or bad acts is not admissible to show a defendant's bad character or his propensity to commit a crime. **See Kinard**, 95 A.3d at 284; **see also** Pa.R.E. 404(a)(1).

There are limited exceptions to the admission at trial of evidence of other crimes or prior bad acts. **Commonwealth v. Adams-Smith**, 209 A.3d 1011, 1020 (Pa. Super. May 7, 2019). Such evidence is relevant and admissible when offered for legitimate purposes, such as to prove a common scheme, plan, or design. **See** Pa.R.E. 404(b)(2). Our Supreme Court has also recognized the *res gestae* exception, permitting the admission of evidence of other crimes or bad acts to tell "the complete story." **Hairston**, 84 A.2d at 665 (citations omitted).

Evidence is admissible under the *res gestae* exception where it "was part of the chain or sequence of events which became part of the history of the case and formed a part of the natural development of the facts." **Commonwealth v. Robinson**, 864 A.2d 460, 496 (Pa. 2004). *Res gestae* evidence is of particular import and significances in trials involving sexual assault. **Adams-Smith**, 209 A.3d at 1020 (citation omitted). "By their very nature, sexual assault cases have a pronounced dearth of independent eyewitnesses, and there is rarely any accompanying physical evidence. In these cases the credibility of the complaining witness is **always** an issue." **Id.**, at 1021 (emphasis in original) (citation omitted). When evidence of other crimes or bad acts may be admitted for a permitted purpose, i.e. *res gestae*, the evidence is still only admissible if the probative value of the evidence outweighs its potential for unfair prejudice. **See** Pa.R.E. 404(b)(2).

Instantly, the evidence at issue is the complainant's testimony that D.B. attempted to assault her, and that when the complainant resisted, D.B. perpetrated against his sister. The only crime for which D.B. was adjudicated delinquent was the attempted indecent assault against the complainant. Consequently, D.B. contends that evidence of his other acts toward his sister were not only irrelevant, but inherently prejudicial.

We disagree. The complainant's testimony about her encounter with D.B., and D.B.'s ensuing encounters with his sister, is demonstrative of both an opportunity and a common plan. But more than anything, this testimony is textbook *res gestae* evidence and necessary to understand the "complete

story."  The complainant testified that D.B. successfully did to his sister "what he was trying to do to me."   The encounters occurred over a series of successive nights.  They were strikingly similar in circumstance and character, in place and time.  D.B. eventually committed a certain kind of act against his sister, which was nearly identical in manner, place, and time as the type of act he attempted to commit against the complainant.  Thus, the testimony of the committed act is probative of whether the attempted act occurred.

Of course, the evidence is also prejudicial to D.B.'s case, but the question is whether the evidence's probative value is substantially outweighed the potential for **unfair** prejudice.  In a Comment to Rule 403, unfair prejudice is defined as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."  Regarding the allowance of *res gestae* evidence in sexual assault cases, we have ruled:

> The trial court is not required to sanitize the trial to eliminate all unpleasant facts from consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

*Adams-Smith*, 209 A.3d at 1020 (citation omitted).

The complainant's eye-witness testimony that D.B. perpetuated against his sister after he attempted to perpetrate against her merely forms the natural development of events that lead to D.B.'s charges.  We cannot

conclude that it was unfairly prejudicial. The evidence was properly admitted at the hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19