J. S31036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :               PENNSYLVANIA
                         v.            :
                                     :
JAMES ROBERT KELLEY,        :         No. 118 MDA 2020
                                     :
            Appellant      :


Appeal from the Judgment of Sentence Entered December 9, 2019,
in the Court of Common Pleas of Adams County
Criminal Division at No. CP-01-CR-0000141-2019


BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED SEPTEMBER 29, 2020**

James Robert Kelley appeals the December 9, 2019 judgment of

sentence, entered in the Court of Common Pleas of Adams County, after a

jury convicted him of three counts of delivery of a controlled substance and

one count of criminal conspiracy to deliver a controlled substance.[1] Appellant

was sentenced to an aggregate term of five to ten years' imprisonment. After

careful review, we affirm.

The trial court summarized the facts of this case as follows:

> The Adams County Drug Task Force[,] working with a
> [female c]onfidential [i]nformant (hereinafter CI), . . .
> received information about an individual, Ira Trivitt,
> who was selling [h]eroin. After receiving this
> information, the CI was directed to set up a drug buy
> with Ira Trivitt. The CI communicated with Ira Trivitt
> through Facebook Messenger, and the deal was set to

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

occur on September 28, 2018. Ira Trivitt indicated to the CI that he would be bringing his drug supplier with him to the drug buy.

The Adams County Drug Task Force provided the CI with marked currency to provide to Ira Trivitt in order to obtain the [h]eroin. The CI then met with Ira Trivitt and [a]ppellant at a Sheetz gas station parking lot in New Oxford, Adams County PA, while members of the Adams County Drug Task Force observed the meeting. The CI bought a substance that was suspected to be [h]eroin from Ira Trivitt and provided it to the Adams County Drug Task Force. The CI indicated that she knew who [a]ppellant was and helped the Adams County Drug Task Force identify him through a Facebook photograph.

The CI then engaged in conversation directly with [a]ppellant through Facebook Messenger in order to set up an additional drug buy of [h]eroin. On October 11, 2018, the CI met with [a]ppellant at the same Sheetz gas station as the first drug buy, and bought more suspected [h]eroin from [a]ppellant with marked currency from the Adams County Drug Task Force.

The suspected [h]eroin from both of the drug buys was tested at the Pennsylvania State Police Forensics Laboratory and the results came back showing a number of controlled substances that are illegal under Pennsylvania law.

Trial court Rule 1925(a) opinion, 2/5/20 at 2-3. The drug transactions were observed by Detective Anthony Gilberto of the Littlestown Borough Police Department and the Adams County Drug Task Force, Trooper James O'Shea of the Pennsylvania State Police Vice Narcotics Unit, Detective Eric Beyer of the Adams County District Attorney's Office, and Detective Stephen Higgs of

the Cumberland Township Police Department and Adams County Drug Task Force.  (**See** notes of testimony, 10/9/19 at 24-85, 105-132.)

On October 9, 2019, following a jury trial, appellant was convicted of the aforementioned charges.[2]  Sentence was imposed on December 9, 2019.  Appellant filed a timely notice of appeal on January 8, 2020.  The trial court ordered appellant to file a concise statement of errors complained of an appeal, pursuant to Pa.R.A.P. 1925(b), and appellant timely complied.  Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

> 1. Did the trial [c]ourt error [sic] in allowing hearsay testimony regarding text messages over objection from [appellant]'s attorney?
>
> 2. Did the trial [c]ourt error [sic] in not giving jury instructions regarding the Commonwealth's failure to produce phone records of [appellant's] alleged telephone communication?
>
> 3. Did the trial [c]ourt error [sic] when the [c]ourt testified to the jury that the [CI], "was under constant surveillance[,"] when []constant surveillance was a disputed fact[?]

Appellant's brief at 4.

Appellant first challenges the admission of testimony regarding text messages on Facebook Messenger, purportedly from Ira Trivitt and appellant.

---

[2] As noted by the trial court:  "[a]ppellant was charged with two counts of [c]riminal use of [c]ommunication [f]acility."  18 Pa.C.S.A. [§] 7512(a).  The Commonwealth withdrew one count at the beginning of trial, and [a]ppellant was acquitted of the other count."  **Id.** at 1 n.2.

He advances two theories. First, appellant alleges that the text messages were inadmissible hearsay. Second, he argues the Commonwealth did not properly authenticate the texts. (*Id.* at 9, 10; notes of testimony, 10/9/19 at 29-30.)

Initially, we note that neither appellant's Rule 1925(b) statement, nor the statement of questions involved in his brief, nor his brief, identifies the specific hearsay testimony to which appellant objects. Appellant's brief only identifies one objection trial counsel raised to the introduction of text messages. Further, appellant fails to raise the issue of authentication in his Rule 1925(b) statement of errors complained of on appeal, or the statement of questions involved in his appellate brief. (*See* appellant's brief at 9; notes of testimony, 10/9/19 at 28.)

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. This Court will not act as counsel and will not develop arguments on behalf of an appellant. If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived.

*Commonwealth v. Adams-Smith*, 209 A.3d 1011, 1018 (Pa.Super. 2019) (citations and quotation marks omitted).

Here, appellant does not develop his argument as to the admissibility of testimony regarding the text messages. (*See* Pa.R.A.P. 2119(a), (c), (d), and (e) (requiring development of argument, reference to the record, synopsis of

evidence, and statement of place of raising or preserving issues, respectively.)

*See also Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015) (explaining that the failure to develop a legal argument in support of a claim results in waiver of the issue). Appellant merely concludes that the text messages were hearsay and not properly authenticated. (*See* appellant's brief at 10.) Accordingly, we find this issue waived.

Nevertheless, even if appellant had adequately preserved this issue for appellate review, we find appellant would not be entitled to relief. Hearsay evidence is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Hearsay evidence is admissible if it falls within any of the exceptions listed in Pa.R.E. 803.

"[T]he admissibility of evidence is a matter addressed to the sound discretion of the trial court." *Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa.Super. 2015), *appeal denied*, 124 A.3d 308 (Pa. 2015).

> An appellate court's standard of review of a trial court's evidentiary rulings, including rulings on the admission of hearsay . . . is abuse of discretion. Thus, we will not disturb an evidentiary ruling unless the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by evidence of record.

*Commonwealth v. Fitzpatrick*, 204 A.3d 527, 531 (Pa.Super. 2019) (citations and quotation marks omitted), *appeal granted,* 223 A.3d 1287

(Pa. 2020). "Further, an erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error is harmless." ***Commonwealth v. Mitchell***, 902 A.2d 430, 452 (Pa.Super. 2006), ***reargument denied***, 909 A.3d 299 (Pa. 2006), ***certiorari denied***, 549 U.S. 1169 (2007).

> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. If there is a reasonable possibility that the error may have contributed to the verdict, it is not harmless. In reaching that conclusion, the reviewing court will find an error harmless where the uncontradicted evidence of guilt is overwhelming, so that by comparison the error is insignificant.

***Commonwealth v. Kuder***, 62 A.3d 1038, 1052 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 114 A.3d 416 (Pa. 2015). "The Commonwealth bears the burden of establishing harmlessness beyond a reasonable doubt." ***Commonwealth v. Brown***, 185 A.3d 316 (Pa. 2018) (citation omitted).

Our review of the record reveals three hearsay objections, made by trial counsel[3] to Detective Gilberto's testimony, that were overruled by the trial court.[4] The first objection arose during the following questioning:

> [Commonwealth:] Okay. And who is your initial target at that point? Who did you initially think she was going to be buying drugs from?

---

[3] We note that appellant's trial counsel also represents him on appeal.

[4] The trial court referenced only two hearsay objections in it Rule 1925(a) opinion. (Trial court Rule 1925(a) opinion, 2/5/20 at 4.)

> [Detective Gilberto:] Our initial target was the Ira Trivitt subject who the attorney mentioned earlier.
>
> [Commonwealth:] Okay. And do you know how the CI set this deal up?
>
> [Detective Gilberto:] She would have communicated with Trivitt through Facebook Messenger. It's like a text based [a]pp similar to texting.
>
> [Defense counsel:] Objection. Hearsay, your Honor.

Notes of testimony, 10/9/19 at 28. The second objection arose as follows:

> [Commonwealth:] Okay, okay. Did the messages say anything else about anyone else being at the controlled buy?
>
> [Defense counsel:] Objection. That is hearsay. Now he's reciting the message.

*Id.* at 31. The final hearsay objection occurred after the following testimony:

> [Commonwealth:] Okay. And was the -- as part of this, was the CI able to provide you with any text messages that -- from the -- that you believe was from the defendant?
>
> [Detective Gilberto:] Yes. She had sent me a screen shot, an image of the text messages that she was having with the defendant.
>
> [Commonwealth:] Okay. And as part of that screen shot, was it essentially setting up a time for a controlled buy?
>
> [Detective Gilberto:] Correct.
>
> [Commonwealth:] Okay. And were you able to preserve at least one of those screen shots?
>
> [Detective Gilberto:] Yes.

*Id.* at 48. Trial counsel then noted his continuing objection. (*Id.* at 49.)

The trial court found that there was sufficient circumstantial evidence to authenticate the messages.[5] (Notes of testimony, 10/9/19 at 142-143.) **See Commonwealth v. Koch**, 106 A.3d 705, 712-713 (Pa. 2014) (stating evidence may be authenticated by circumstantial evidence); **see also** Pa.R.E. 901(b)(4). The trial court further found that the text messages fell within two exceptions to the hearsay rule; statements made by an opposing party, and statements made by an opposing "party's co[-]conspirator during and in furtherance of the conspiracy." Pa.R.E. 803(25)(A) and (E), respectively; trial court's Rule 1925(a) opinion, 2/5/19 at 4-6. Upon review, we discern no abuse of discretion or error by the trial court. Accordingly, even if appellant had properly preserved his claim for review, we would adopt the

---

[5] Specifically, the trial court found:

> there was enough circumstantial evidence to authenticate that the messages were from [a]ppellant. . . . [T]he testimony established the messages contained conversations between the CI and Ira Trivitt and [a]ppellant regarding the drug buys. The CI used that information to buy the drugs from Ira Trivitt and [a]ppellant while the Adams County Drug Task Force observed the buys. Furthermore, the messages stated precise details concerning the date and location the drug buys would take place, and the Adams County Drug Task Force visibly confirmed the presence of Ira Trivitt and [a]ppellant at the drug buys. The content of the messages was corroborated by the actions of [a]ppellant. Based on this information, there was clearly enough information to authenticate that messages came from Ira Trivitt and [a]ppellant.

Trial court Rule 1925(a) opinion, 2/5/20 at 8.

trial court's analysis and affirm based upon the rationale set forth in the trial court's opinion with regard to this claim.

Further, our review of the certified record convinces us that any alleged error on the part of the trial court in admitting the testimony was harmless.[6]

---

[6] We note that appellant's hearsay/authentication argument is premised solely on **Commonwealth v. Koch**, 39 A.3d 996, 1002-1003 (Pa.Super. 2011) (citations omitted), **affirmed by equally divided court**, 106 A.3d 705 (Pa. 2014).  "When a judgment of sentence is affirmed by an equally divided court, as in the **Koch** case, no precedent is established and the holding is not binding on other cases."  **Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa.Super. 2015) (citation omitted; bolding added), **appeal denied**, 166 A.3d 1215 (Pa. 2017).  In addition, **Koch** is factually distinguishable from the present case.  Koch resided with her boyfriend and brother.  Police obtained a search warrant for the residence and, in addition to drugs and paraphernalia, recovered two cell phones.  One of the cell phones belonged to Koch.  The trial court, over objection, admitted the detective's testimony as to the content of the text messages and that he considered them indicative of drug sales activity.  This court found the detective's description of how he transcribed the drug-related text messages from Koch's cell phone, together with his representation that the transcription was an accurate reproduction of text messages, was insufficient to authenticate Koch as the author.  Although the phone was found on the table in close proximity to Koch, the Commonwealth conceded that she did not author all of the texts on her phone, there was no testimony from persons who sent or received the text messages, and there were no contextual clues in the drug-related text messages tending to reveal the identity of the sender.  Further, the error was not harmless.

> This is not a case where the Commonwealth presented overwhelming properly admitted evidence regarding Appellant's involvement in drug transactions.  The Commonwealth's case against Appellant rested on this evidence and evidence that drugs were found in the bedroom she shared and in common areas of her home.  No controlled substance was found on the Appellant's person, and thus it was incumbent upon the prosecution to prove constructive possession of the controlled substance to justify conviction.

**Koch**, 39 A.3d at 1007.

Here, the Commonwealth presented overwhelming, properly admitted evidence regarding appellant's participation in the drug transactions which occurred on September 28, 2018, and October 11, 2018. There was testimony by the lead detective, Detective Anthony Gilberto, as to the events prior to, during, and after both drug transactions. (*Id.* at 24-85.) The Commonwealth also introduced video surveillance footage, related to the October drug transaction, without objection from appellant's trial counsel. (*Id.* at 59.)

The CI participated in the drug transactions, turned the drugs over to Detective Gilberto, and identified appellant as the source of the drugs. She testified, without objection, that she used Facebook Messenger to set up the September drug buy with Trivitt and that Trivitt told her that his main drug supplier would be present. (*Id.* at 87-88.) The CI also used Facebook Messenger to set up the October drug buy with whom she believed to be appellant. (*Id.* at 95-96.) The CI identified Commonwealth Exhibit 5, a text related to the October transaction, and neither her testimony, nor the admission of the exhibit, was objected to by trial counsel. (*Id.* at 96-98.) In addition, Trooper O'Shea, Detective Beyer, and Detective Higgs testified to their observations during surveillance of both drug transactions. (*Id.* at 105-132.)

Here, the uncontradicted evidence of guilt is so overwhelming that, by comparison, any error would be insignificant. Thus, appellant is not entitled to relief on his hearsay issue.

Appellant next challenges the trial court's refusal to instruct the jury regarding the Commonwealth's failure to produce phone records of appellant's alleged telephone communications with the CI.[7] (**See** appellant's brief at 8, 11.)

"In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [c]ourt to determine whether the record supports the trial court's decision." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1257 (Pa.Super. 2014) **appeal denied**, 104 A.3d 1 (Pa. 2014) (citations omitted). "It has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial." **Id.** (citations omitted).

Preliminarily, we observe that appellant failed to preserve his challenge to the trial court's jury instructions. When the trial court denied appellant's request for charge, trial counsel did not object. (Notes of testimony, 10/9/19 at 142-143.) Moreover, after instructing the jury, the trial court asked counsel if he had any further requests. Trial counsel responded in the negative. (**Id.** at 187.) This court has held that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." **Commonwealth v. Moury**, 992 A.2d 162, 178 (Pa.Super. 2010) (citations omitted); **see also Commonwealth v. McCloskey**, 835

---

[7] Appellant did not specifically identify the charge he was requesting at trial or in his appellate brief.

A.2d 801, 812 (Pa.Super. 2003) (finding jury instructions waived where defendant failed to object to instructions at the time they were made, and did not mention alleged errors at the close of the jury charge when the court specifically asked both parties if they were satisfied with charge), **appeal denied**, 847 A.2d 1281 (Pa. 2004); Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(C). Thus, appellant's claim is waived.

Assuming, **arguendo**, that appellant had not waived this claim, we would reject it on the merits. At trial, the court explained that it was denying the instruction because there was sufficient circumstantial evidence to authenticate the message.[8] Further, according to Pennsylvania Suggested Standard Criminal Jury Instruction 3.21(B)(2), "if three factors are present, and there is no satisfactory explanation for a party's failure to produce an item, the jury is allowed to draw a common-sense inference that the item would have been evidence unfavorable to that party." **Id.** Those factors are: "**First**, the item is available to that party and not to the other; **Second**, it appears the item contains or shows special information material to the issue; and **Third**, the item would not be merely cumulative evidence." **Id.** (emphasis in original).

Here, the trial court found that the phone records were available to both parties. (Notes of testimony, 10/9/19 at 138.) Further, Detective Gilberto explained that he "d[id] not believe Facebook actually stores these specific

---

[8] **See** footnote 5, **supra**.

conversations. I'm not a hundred percent on that. But from the best of my recollection, the content of the messages commonly are not saved for us to even obtain records for." (***Id.*** at 85.) Based on our review of the certified record, we discern no abuse of discretion or error of law by the trial court.[9] Therefore, even if appellant had not waived his claim, we would find no error by the trial court's exclusion of Pa.S.S.C.J.I. 3.21(B) from its charge to the jury.

As his final issue, appellant asserts that the trial "[c]ourt impinged upon the jury's job of determining the facts" in the following context. (Appellant's brief at 14.) Detective Gilberto was questioned extensively about his searching of the CI prior to the drug transactions and the surveillance of the CI throughout the transactions. Then, the following exchange occurred:

> [Commonwealth:] Okay. The -- you indicated you didn't actually do a body cavity search of the CI. Is there, based upon your observation, at least things that you could see, is there any way that she could have secured or secreted any sort of drugs on her that she provided to you in a body cavity or anywhere else on her body?
>
> [Defense counsel]: Objection, speculative.
>
> [Commonwealth]: Well, it's --
>
> THE COURT: Overruled. She was under constant surveillance. Overruled.

---

[9] The trial court also noted that appellant was acquitted of criminal use of communication facility, 18 Pa.C.S.A. [§] 7512(a), and that "[t]he issue is therefore, seemingly moot." (Trial court Rule 1925(a) opinion, 2/5/20 at 6 (bolding omitted).)

> [Detective Gilberto]: From the entire time I observed her, again, she wore clothes that didn't have pockets, like yoga pants style. Everything was clean, smooth. There wasn't extra bags or pockets or things that could have been hidden. We searched all of her clothing thoroughly. We searched her body thoroughly. At no point while watching her did she stuff her hands in her pants or stick her hand up her cavities, as we'll call it. At no point was any of that type of behavior observed during the buys.

*Id.* at 82-83. Appellant asserts that the "[trial c]ourt decided an 'ingredient of the offence' [sic] which should have been determined by the jury," and that "[t]he [trial c]ourt did not put forth any curative instructions to the jury." (Appellant's brief at 14, 15.)

However, counsel waived any claim of error arising from this comment because he failed to raise a contemporaneous objection to the comment and failed to make a request for a mistrial or a curative instruction. *See* ***Commonwealth v. Cole***, 167 A.3d 49, 77 (Pa.Super. 2017), ***appeal denied***, 186 A.3d 370 (Pa. 2018); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Nonetheless, the trial court's comment would not entitle appellant to relief. We note that:

> [j]udges should refrain from extended examination of witnesses; they should not during the trial indicate an[] opinion on the merits, a doubt as to the witnesses['] credibility, or [] do anything to indicate a leaning to one side or the other without explaining to the jury that all these matters are for them. However, . . .

> Every unwise or irrelevant remark made in the course of the trial by a judge, does not compel the granting of a new trial. A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

*Commonwealth v. Ragan*, 645 A.2d 811, 821 (Pa. 1994) (citations, quotation marks, and emphasis omitted).

> An accepted guide in determining prejudicial effect is that, if the remark may be said with fair assurance to have had but a slight effect upon the jury, if any at all, and one is not left in doubt that it had no substantial influence in the case, it will not vitiate an otherwise fair trial.

*Commonwealth v. Hudson*, 820 A.2d 720, 724 (Pa.Super. 2003) (citation and quotation marks omitted), *appeal denied*, 844 A.2d 551 (Pa. 2004). "This analysis presents a question of law and our standard of review is *de novo*." *Commonwealth v. Daulton*, 2017 WL 2230530, *6 (Pa.Super. filed May 22, 2017) (unpublished memorandum), *appeal denied*, 173 A.3d 258 (Pa. 2017).

Appellant does not claim that the trial court's remark was so prejudicial that it deprived him of a fair and impartial trial. We note that the trial court's comment was merely a brief explanation as to why the trial court was overruling trial counsel's objection and the jury was instructed by the trial court that they were the sole judges of fact and it was their responsibility to

weigh all of the evidence and determine the facts.[10]  (**See** notes of testimony, 10/9/19 at 10, 166-167.)   Further, "[i]t is well settled that the jury is presumed to follow the trial court's instructions."  **Commonwealth v. Cash**, 137 A.3d 1262, 1280 (Pa. 2016) (citation omitted).  Here, appellant does not offer any evidence that the jury failed to do so in the instant case. Even if appellant had not waived his claim, we would find that the challenged comment by the trial court does not rise to the required level of prejudice necessary to grant a new trial.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/29/2020</u>

---

[10] The trial court gave pre-trial instructions to the jury in addition to its charge.