**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE JOHNSON | : | |
| | : | |
| Appellant | : | No. 2954 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006372-2012

BEFORE: OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 24, 2019**

Tyrone Johnson appeals from the order entered on September 21, 2018, in the Court of Common Pleas of Philadelphia County, denying him relief, without a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9542 *et seq*. In that petition, Johnson raised the single claim that trial counsel provided ineffective assistance by failing to file a motion challenging the verdict as against the weight of the evidence. In this timely appeal, Johnson claims the PCRA court erred in failing to provide a hearing on the issue, and in determining trial counsel was not ineffective. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We begin with a brief recitation of the facts, taken from the PCRA court's Pa.R.A.P. 1925(a) opinion.

_____
* Retired Senior Judge assigned to the Superior Court.

On the evening of May 4th, 2012, Robert Parks, Maurice Washington, and Washington's nephew [also Maurice] were in the apartment that they shared at 1918 North Broad Street. They were accompanied by three friends; Parks' girlfriend, Randy Phillips and Phillips's brother Cam. [Johnson] lived in the first floor apartment in the same building. As the six individuals were exiting the apartment building to go to a karaoke bar, [Johnson] came out to the porch and started yelling at the group. [Johnson] explained he was angry with Phillips in particular because he didn't live in the building and was making noise and leaving the door unlocked. [Johnson] and Phillips began to argue until Washington stepped between them.

Phillips warned Washington to be careful because [Johnson] had a knife, but Washington continued to argue with [Johnson]. As the two men stood on the porch arguing, [Johnson] pushed Washington, who fell backwards into Cam. When Washington returned to his feet, he raised his fists into the air. At that moment, [Johnson] began stabbing Washington with a knife, striking him in the stomach, chest and neck. The handle of the knife broke off from the blade, which remained inside Washington's stomach. After stabbing Washington, [Johnson] ran from the porch, returned to his room, and locked the door.

Parks' girlfriend called the police to tell them about the stabbing. Police officers arrived on the scene and found Washington on the ground bleeding from the neck, Parks' girlfriend rendering aid, and a knife blade separated from its handle on the ground. The police officers were told that the individual responsible for the stabbing was inside the building on the first floor. They entered the building and approached the first floor apartment, hearing both a male and female voice. One officer knocked on the door for approximately one or two minutes, announcing his presence. After four officers attempted to force [Johnson's] door open, the door was opened from the inside. The police entered the apartment and noticed a female in the apartment. They also noticed [Johnson], who was sweating and had blood on his hands. [Johnson] would not comply with the officer's repeated requests to get on the ground, so they used a taser and a control hold to get [Johnson] onto the ground, placing him in handcuffs. Police observed the female place an item on top of the refrigerator that was later determined

to be a knife handle matching the blade that was found on the porch.

During the trial, [Johnson] took the stand and gave an alternative account of the incident. He stated that when he came out on to the porch, he was hit on the back of the head and fell. He was then hit in the face by Washington, fell back, hit the side of the wall, and blacked out due to an epileptic seizure. The next thing [Johnson] remembers is stumbling back inside the apartment building and returning to his apartment.

PCRA Court Opinion, December 3, 2018, at 1-3.

Johnson claimed trial counsel was ineffective for failing to challenge the weight of the evidence. The PCRA court denied this claim without a hearing. Johnson claims the PCRA court erred in both failing to grant a hearing and in denying the claim.

We relate the various standards of review that apply to this appeal. First,

[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa. Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012); Pa.R.Crim.P. 907.

> The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id. See also Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting Commonwealth v. Ali, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the...test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).[1]

***Commonwealth v. Adams-Smith***, 209 A.3d 1011, 1018-19 (Pa. Super. 2019).

> Additionally,

> [w]hen considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and quotation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, *supra*.

---

[1] Abrogated on other grounds.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.*

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 546 (quotation omitted). Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (quotation marks and quotation omitted).

*Commonwealth v. Mikitiuk*, 213 A.3d 290, 305 (Pa. Super. 2019).

Underlying Johnson's claim of ineffective assistance of counsel is the assertion that the jury verdict convicting him of aggravated assault and possession of an instrument of crime was against the weight of the evidence. If this claim fails, then Johnson's claim counsel was ineffective for failing to raise the claim also fails.

Here, the PCRA court examined the evidence presented at trial and concluded,

> [Johnson's] claim lacks merit. The trial testimony of Parks, Washington, Officer Matthew Swan and Officer Paul Camarote was coherent, consistent, and reliably demonstrated [Johnson's] guilt.

> Moreover, [Johnson's] own testimony could easily and reasonably been seen as self-serving and false. In short, the verdict was in no way contrary to the evidence and does not come remotely close to shocking the conscience. Therefore, [Johnson] was not prejudiced by his attorney's failure to file a post-sentence motion on these grounds, i.e., such a motion would not have been successful.

PCRA Opinion, 12/3/2018 at 3.

Our review of the certified record convinces us the PCRA court's decision is supported fully by the record and is not the product of an abuse of discretion or error of law. Accordingly, Johnson is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/19