J-S35008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN HAGERTY | : | |
| | : | |
| Appellant | : | No. 3023 EDA 2017 |

Appeal from the Judgment of Sentence March 21, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004879-2010

BEFORE: OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 13, 2019**

Appellant, Brian Hagerty, appeals from the judgment of sentence entered on March 21, 2014 in the Criminal Division of the Court of Common Pleas of Philadelphia County, following reinstatement of his direct appeal rights pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm in part and vacate in part.[1]

---

[1] On November 30, 2017, this Court entered a show cause order, noting that the notice of appeal filed on September 14, 2017 did not indicate the date of the order from which the appeal had been taken. **See** Show Cause Order, 11/30/17, citing Pa.R.A.P. 904 (Content of Notice of Appeal). Subsequently, on December 1, 2017, the Philadelphia County clerk of courts provided this Court with a copy of a notice of appeal which included the date of the order which is the subject of this appeal. It further appeared, upon review of the trial court docket, that an incomplete notice of appeal was inadvertently forwarded to this Court for filing on September 21, 2017. Accordingly, on December 4, 2017, we issued an order that discharged our November 30, 2017 order to show cause. Because a complete notice of appeal has now been docketed in this case, we need not examine this issue further.

---

\* Retired Senior Judge assigned to the Superior Court.

Between 2001 and 2010, Appellant, on numerous occasions, engaged in inappropriate sexual contact with K.H., the daughter of his paramour. ***See*** Trial Court Opinion, 8/13/18, at 2-4 (summarizing instances of sexual abuse). After the Department of Human Services received reports regarding the abuse, police authorities arrested Appellant on March 11, 2010. Appellant then proceeded to a bench trial that began on June 14, 2013 and concluded on June 19, 2013. At the conclusion of trial, the court found Appellant guilty of aggravated indecent assault of a child (18 Pa.C.S.A. § 3125(b)), unlawful contact with a minor – sexual offenses (18 Pa.C.S.A. § 6318(a)), unlawful restraint/serious bodily injury (18 Pa.C.S.A. § 2902(b)), false imprisonment (18 Pa.C.S.A. § 2903(b)), endangering the welfare of children – parent/guardian/other commits offense (18 Pa.C.S.A. § 4304(a)), indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)), corruption of minors (18 Pa.C.S.A. § 6301(a)(ii)), and simple assault (18 Pa.C.S.A. § 2701(a)).

On March 21, 2014, the trial court sentenced Appellant to serve six and one-half to 13 years' incarceration, followed by seven years' probation, for aggravated indecent assault of a child. The court also ordered Appellant to serve two to four years in prison, followed by three years' probation, for indecent assault of a person less than 13 years of age. These sentences were imposed consecutively; hence, Appellant received an aggregate sentence of eight and one-half to 17 years' incarceration, followed by 10 years' probation. In a document prepared and signed by Appellant on March 21, 2014, Appellant

received notice that he had been classified as a sexually violent predator (SVP) and that he was subject to lifetime registration as a sexual offender.[2]  After successfully pursuing collateral relief, Appellant's direct appeal rights were reinstated *nunc pro tunc* on August 17, 2017.  This timely direct appeal followed on September 14, 2017.

In his brief, Appellant raises the following issues for our review:

I.    Whether the [trial court] erred in granting the Commonwealth's [m]otion [to admit evidence of prior bad acts?]

II.   Whether the [evidence] was insufficient as a matter of law[?]

III.  Whether [Appellant can lawfully be designated as a sexually violent predator under the Sexual Offender Registration and Notification Act (SORNA)?]

Appellant's Brief at 8.

In his first issue, Appellant claims that the trial court erred in granting a pre-trial motion that allowed the Commonwealth to introduce evidence of prior bad acts at trial.  In developing this claim, Appellant initially points out

---

[2] There is no transcript of Appellant's sentencing hearing included in the certified record.  Moreover, it is unclear from the acknowledgement form executed by Appellant on March 21, 2014 whether his SVP designation, registration requirements, and lifetime registration status were imposed pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.10 *et seq*.  For example, the form does not specify SORNA as the statutory source for Appellant's SVP designation or his registration requirements.  Moreover, there is no effort on the form to designate Appellant's convictions according to SORNA's "tiered" classification scheme.

that the challenged evidence included "complaints that had previously been dismissed." Appellant's Brief at 16. Appellant then explains that the evidence could not be used to establish his intent since the Commonwealth made no showing that he possessed the same mental state when he engaged in both the dismissed and the charged offenses. In the absence of proof that there was a "close factual nexus" between the dismissed and the charged offenses, Appellant claims that it was error for the court to permit the evidence particularly since the court did not articulate how the probative value of the evidence exceeded its prejudicial effects. This claim is both undeveloped and meritless.

Appellant's brief does not identify with particularity which prior assaults were improperly admitted by the trial court. This omission raises significant obstacles to meaningful review in the context of this appeal. At trial, the Commonwealth introduced a significant number of Appellant's prior bad acts, including his sexual abuse of his stepdaughters,[3] his physical and verbal threats toward them, and his abuse of animals. Without a detailed challenge to the trial court's evidentiary determination, we are unable to assess the merits of Appellant's opening abuse of discretion claim. Hence, this issue is waived. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Freeman*, 128

---

[3] Appellant was originally charged with sexual abuse of both of his stepdaughters, K.H. and A.H. The trial court, however, acquitted Appellant of all charges pertaining to A.H. Hence, we have not discussed the charges involving A.H. in the context of this memorandum.

A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").

Even if we were to reach the merits of Appellant's evidentiary challenge, it is highly improbable that we would conclude that Appellant is entitled to relief on his objection to unspecified "dismissed complaints." We apply a well-settled standard of review when reviewing evidentiary challenges:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

***Commonwealth v. Ivy***, 146 A.3d 241, 250–251 (Pa. Super. 2016) (citation omitted).

Rule 404 of the Pennsylvania Rules of Evidence governs the admission of prior bad acts evidence. Such evidence is not admissible to show the defendant's criminal character or propensity to commit crimes. **See** Pa.R.E. 404(b)(1). Evidence of other crimes, wrongs or acts may be admitted, however, to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or lack of accident and is admissible in a criminal case only where the probative value of the evidence outweighs its potential for unfair prejudice. **See** Pa.R.E. 404(b)(2). Since this list is not exhaustive, Pa.R.E. 404, Cmt., "courts are not restricted to the[se exceptions]

- 5 -

when exercising their discretion to permit the admission of evidence of prior crimes, wrongs and acts, so long as the evidence is used for purposes other than to prove character or a propensity to act in accordance with traits of character." *Commonwealth v. Johnson*, 160 A.3d 127, 144 (Pa. 2017), *cert. denied sub nom.*, *Johnson v. Pennsylvania*, 138 S.Ct. 508 (2017).

To the extent Appellant's claim challenges the introduction of prior sexual assaults perpetrated against K.H., we recently reaffirmed that such proof comes within an exception to the rule against admission of prior bad acts evidence. In *Commonwealth v. Adams-Smith*, 209 A.3d 1011 (Pa. Super. 2019), we reiterated:

> There are limited exceptions to the admission at trial of evidence of other crimes or prior bad acts. [Pa.R.E. 404(b)]; *Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010).
>
> One such exception arises in the prosecution of sexual offenses. Evidence of prior sexual relations between defendant and his...victim is admissible to show a passion or propensity for illicit sexual relations with the victim. This exception is limited, however. The evidence is admissible only when the prior act involves the same victim and the two acts are sufficiently connected to suggest a **continuing course of conduct**. The admissibility of the evidence is not affected by the fact that the prior incidents occurred outside of the statute of limitations.
>
> *Id*. (emphasis in original). Evidence that provides the factfinder with the *res gestae*, or complete history, of a crime holds special significance. *Commonwealth v. Wattley*, 880 A.2d 682, 687 (Pa. Super. 2005), *appeal dismissed*, 924 A.2d 1203 (Pa. 2007).
>
> [T]he trial court is not...required to sanitize the trial to eliminate all unpleasant facts from...consideration where those facts are relevant to the issues at hand and form part of the history and

natural development of the events and offenses for which the defendant is charged.

*Res gestae* evidence is of particular import and significance in trials involving sexual assault. By their very nature, sexual assault cases have a pronounced dearth of independent eyewitnesses, and there is rarely any accompanying physical evidence.... [In these] cases the credibility of the complaining witness is **always** an issue.

*Id*. (emphasis in original).

**Adams-Smith**, 209 A.3d at 1020-1021. Applying these principles, the trial court did not err in permitting the Commonwealth to introduce evidence of prior sexual assaults involving K.H.

Appellant is likewise not entitled to relief to the extent he objects to non-sexual prior bad acts. As a preliminary matter, Appellant waived this claim since he failed to develop it in his appellate brief. Notwithstanding, the contention is meritless. Appellant's physical and verbal assaults directed toward K.H., together with his abuse of household pets, established his aggressive and intimidating disposition toward members of his household. Such evidence was relevant to developing a complete history of the crime and to explain K.H.'s delay in disclosing the abuse. **See Commonwealth v. Dillon**, 925 A.2d 131, 139 (Pa. 2007) (evidence of defendant's physical abuse of child sexual assault victim's mother and brother that intimidated victim was admissible in trial for sex offense as substantive evidence in the Commonwealth's case-in-chief to explain victim's lack of prompt complaint).

Lastly, we are not persuaded in this case that the risk of prejudice arising from the prior bad acts evidence outweighed the probative value of such proof. The challenged evidence was subject to an exception under Pa.R.E. 404(b) and was highly probative of material issues in the Commonwealth's case. Moreover, Appellant's election to be tried by a judge instead of a jury substantially diminished the risk of undue prejudice. *See Commonwealth v. O'Brien*, 836 A.2d 966, 972 (Pa. Super. 2003); *see also Commonwealth v. Lambert*, 765 A.2d 306, 362 (Pa. Super. 2000) ("where a criminal case proceeds before a judge sitting without a jury, there is a presumption that [the jurist's] knowledge, experience and training will enable him[/her] to disregard inadmissible evidence and other improper elements"). Appellant's first claim merits no relief.

In his second claim, Appellant asserts that the evidence was insufficient to support his convictions because K.H.'s testimony was inconsistent. *See* Appellant's Brief at 18-19. This claim fails.[4]

_____

[4] We read Appellant's sufficiency challenge as asserting that the Commonwealth failed to establish his involvement in criminal activity *vel non*, given the inconsistency in the victim's testimony. As such, we have addressed his claim on the merits. To the extent, however, that Appellant intended to challenge the sufficiency of the evidence introduced to establish a specific element or offense, we conclude that his challenge is subject to waiver. In his Rule 1925(b) concise statement, Appellant failed to specify which conviction or which element of his crimes lacked sufficient evidence. This omission waives appellate review of all specific sufficiency challenges. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017) (despite Commonwealth's failure to object and trial court's consideration of the issue,

We review a challenge to the sufficiency of the evidence under the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Selbolka*, 205 A.3d 329, 336-337 (Pa. Super. 2019)

(noting that "the [fact finder], which passes upon the weight and credibility of

_____

sufficiency claim subject to waiver on appeal where appellant failed to specify in Rule 1925(b) statement which elements were insufficiently developed), *appeal denied*, 169 A.3d 599 (Pa. 2017); *see also Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016) ("Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt."), *appeal denied*, 163 A.3d 403 (Pa. 2016).

each witness's testimony, is free to believe all, part, or none of the evidence.").

Contrary to Appellant's contention, the trial court found that K.H.'s testimony regarding abuse was credible, compelling, and truthful. *See* Trial Court Opinion, 8/13/18, at 6. After reviewing the record, we concur in this determination. In essence, Appellant's claim asks us to re-weigh the fact finder's assessments, which we are forbidden to do. *See Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (stating variances in testimony go to credibility of witnesses and not sufficiency of evidence, and mere conflict in testimony does not render evidence insufficient because it is within province of fact finder to determine weight to be given to testimony and to believe all, part, or none of evidence) (citations omitted). Appellant's sufficiency challenge merits no relief.

In his third claim, Appellant asserts that his SVP classification is illegal given this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018).[5] The Commonwealth concedes this contention. *See* Commonwealth's Brief at 15. Notwithstanding

_____

[5] In *Butler*, this Court held that SORNA's mechanism for determining SVP status, which did not entail underlying determinations by a fact finder beyond a reasonable doubt, was unconstitutional in view of a prior Pennsylvania Supreme Court decision holding that the registration requirements under SORNA constituted criminal punishment. *See Butler*, 173 A.3d at 1217-1218.

this agreement between the parties, however, our review of the circumstances of this appeal has uncovered additional issues relating to the legality of the registration terms of Appellant's sentence. We outline these concerns below.[6]

Recent appellate decisions proscribe retroactive application of sex offender registration terms under SORNA to offenses committed before the effective date of that statute, concluding that such application violates constitutional provisions and results in unlawful sentences. Since Appellant is on direct review and his judgment of sentence has not yet become final, we examine the potential illegality of Appellant's sentence *sua sponte*. **See Commonwealth v. Randal**, 837 A.2d 1211 (Pa. Super. 2003) (*en banc*) (challenges to illegal sentence cannot be waived and may be raised by this

_____

[6] As we stated in footnote two, no sentencing transcript can be located in the certified record and it is uncertain from the acknowledgement form signed by Appellant whether his registration term and requirements, as well as his SVP status, rested upon an application of SORNA. In addition, neither the trial court nor the parties have addressed the source or legality of Appellant's registration requirements. Despite this, the parties agree, based upon this Court's decision in **Butler**, that Appellant's SVP designation is unlawful and must be vacated. Since **Butler** examined the SVP process in the wake of a Pennsylvania Supreme Court decision which held that registration requirements under SORNA constituted criminal punishment, we strongly suspect that Appellant's SVP designation and registration requirements derived from the application of SORNA. We also reach this preliminary determination in view of the fact that Appellant's sentencing on March 21, 2014 occurred approximately one year and three months **after** the December 2012 effective date of SORNA and long **before** publication of any appellate authority raised questions about the retroactive application of SORNA's registration requirements. Because of the likelihood that Appellant's registration terms derived from an application of SORNA, we find it necessary to discuss the need to review carefully the registration requirements imposed in this case.

Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

In **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018), our Supreme Court held that SORNA's registration requirements constitute criminal punishment. A criminal statute may violate the *ex post facto* clauses of both the United States and Pennsylvania Constitutions if it is applied to events which occurred before the law was effective and the law disadvantages the offender. **Id.** at 1196. "SORNA additionally violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by demanding more severe registration requirements." **Adams-Smith**, 209 A.3d at 1022, *citing* **Muniz**, 164 A.3d at 1223. Under **Muniz**, retroactive application of SORNA's registration requirements to cases in which the offenses occurred before December 20, 2012 constitutes an unlawful punishment. **Id.** at 1219.

Appellant committed his offenses between 2001 and 2010, before the December 20, 2012 effective date of SORNA. **See** 42 Pa.C.S.A. §§ 9799.10, 9799.41. SORNA's predecessor statutes applied at various times throughout the period during which Appellant committed the instant offenses and may have required lifetime registration for Appellant's sex offenses. **See e.g.** 42 Pa.C.S.A. § 9795.1(b)(2) (Megan's Law III which expired on December 19, 2012). While SORNA also imposes lifetime registration for Appellant's sex

offenses, it does so with enhanced reporting requirements. *See* 42 Pa.C.S.A. §§ 9799.14(d)(2), (4), (8) and 9799.15(a)(3), (6). Because Appellant committed his offenses before the effective date of SORNA, the statute's enhanced reporting scheme, if applied here, would constitute greater punishment for Appellant and thus implicate a violation of the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. *See Muniz*, *supra*.

The upshot of the foregoing discussion is that, in addition to termination of Appellant's SVP designation (if imposed pursuant to SORNA), Appellant may also be entitled to relief under *Muniz*, if SORNA's enhanced registration requirements were retroactively (and, thus, unlawfully) applied. Accordingly, we affirm Appellant's convictions but vacate his SVP classification, as well as his judgment of sentence, to the extent either the SVP designation or the registration requirements were imposed under SORNA. We remand this case to the trial court to assess the statutory source for Appellant's SVP designation and registration requirements and to advise Appellant about any reporting requirements that properly apply.

Judgment of sentence affirmed in part and vacated in part. Appellant's convictions are affirmed. SORNA registration requirements and SVP status are vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Stabile joins this Memorandum.

Judge Strassburger files a Concurring Memorandum in which Judge
Stabile joins.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/13/2019*