J-S07044-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NOEL L. BROWN, | : | |
| | : | |
| Appellant | : | No. 2388 EDA 2019 |

Appeal from the PCRA Order Entered July 1, 2019
in the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000258-2016

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 24, 2020**

Noel L. Brown (Appellant) appeals *pro se* from the July 1, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we dismiss this appeal based on Appellant's deficient brief.

A prior panel of this Court provided the following background.

> [O]n June 29, 2016, A.C., the fifteen-year-old victim in this case, was reported as a runaway.  A.C. had answered an online advertisement seeking escorts and strippers.  On that day, A.C. left her mother's house with Appellant.  By tracking A.C.'s cellular telephone, Pennsylvania State Police were able to locate A.C. at a local motel.  When the police arrived, they noticed that A.C. appeared intoxicated; A.C. stated that Appellant had given her vodka.  The troopers transported A.C. to the State Police barracks and questioned her regarding the events of the prior evening.  A.C. told the troopers that she had answered an online advertisement for escorts, and Appellant picked her up and drove her to the motel.  At the motel, Appellant provided A.C. with liquor and A.C. fell asleep.  Police discovered that after A.C. fell asleep, Appellant undressed A.C.,

_____

*Retired Senior Judge assigned to the Superior Court.

exposed her breasts, took a photograph of the minor's breasts, and placed the photograph online in an effort to utilize A.C. as a prostitute. Police also recovered a document signed by A.C. wherein she agreed to work for Appellant, and Appellant would act as her pimp.

Police arrested Appellant and charged him with numerous crimes in connection with the aforementioned events. [Prior to trial, Appellant indicated that he wanted to proceed *pro se*. Accordingly], there was a colloquy consistent with *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998),[1] and a thorough discussion of the factors outlined in Pa.R.Crim.P. 121(A)(2) concerning *pro se* representation. … The trial court ultimately permitted Appellant to proceed *pro se*, but the trial court appointed standby counsel. Following a jury trial, Appellant was found guilty of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors.

_____
[1] In []*Grazier*, [] the Supreme Court of Pennsylvania held that when a defendant wishes to waive counsel, an on-the-record determination should be made that said waiver is knowing, intelligent, and voluntary.

On February 3, 2017, the trial court sentenced Appellant to an aggregate term of 180 to 384 months of incarceration. Appellant filed post[-]sentence motions that were denied, and on February 9, 2017, Appellant filed a timely appeal. Throughout the proceedings Appellant remained *pro se*.

*Commonwealth v. Brown*, 179 A.3d 590 (Pa. Super. 2017) (unpublished memorandum at 2-3) (citations to the record and some footnotes omitted).

On direct appeal to this Court, we were "constrained to conclude that none of the issues [raised by Appellant was] supported by cogent legal argument or citation to relevant authority; rather, Appellant's argument [was] a nonsensical invective on the proceedings in the trial court." *Id.* (unpublished memorandum at 4). Accordingly, due to the "overwhelming

deficiencies in Appellant's brief," this Court concluded that Appellant had waived all issues on appeal and affirmed his judgment of sentence. *Id.* (unpublished memorandum at 4-5). Appellant untimely filed petitions for allowance of appeal to our Supreme Court, which were denied.

On October 25, 2018, Appellant timely filed the instant PCRA petition. Counsel was appointed and, following investigation of Appellant's numerous claims, counsel filed a no-merit letter and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 1, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's motion to withdraw. Appellant *pro se* filed a response, and the PCRA court dismissed Appellant's PCRA petition on July 1, 2019. Appellant filed a motion for reconsideration, which the PCRA court denied on July 17, 2019. Appellant *pro se* filed the instant notice of appeal on August 16, 2019.[1]

As a preliminary matter, we must determine whether we have jurisdiction to entertain this appeal. A notice of appeal shall be filed within

---

[1] On September 13, 2019, this Court issued a rule to show cause as to why the appeal should not be quashed as interlocutory. In his *pro se* response, Appellant stated that he was appealing from the July 1, 2019 dismissal of his PCRA petition. *See* Appellant['s] Show of Cause for Granting Appeal of PCRA Petition, 9/23/2019. Accordingly, this Court discharged the rule to show cause and deferred consideration to this panel. We are satisfied that this appeal is not interlocutory and need not address this issue further.

30 days after the entry of the order from which the appeal is taken.

Pa.R.A.P. 903(a).

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. *See* Pa.R.A.P. 105. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (some internal citations omitted). "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019).

Instantly, for Appellant's notice of appeal to be considered timely, he had to file it within 30 days of the July 1, 2019 order dismissing his PCRA petition, namely by July 31, 2019. As such, Appellant's August 16, 2019 notice of appeal is facially untimely.

On October 1, 2019, this Court issued a rule to show cause as to why the instant appeal should not be quashed as untimely filed. In his *pro se* response, Appellant alleged that he timely filed a notice of appeal immediately after the PCRA court denied his motion for reconsideration. Appellant further averred that he filed a second notice of appeal, the August notice of appeal that was received by this Court, when he did not receive a response from the PCRA court. *See* Appellant[']s Show of Cause in Favor of

Appeal, 10/9/2019. According to Appellant, he believed that "the second copy of his notice of appeal ha[d superseded] the first, or the first notice of appeal was some[]how disc[a]rded." *Id.* at 1 (unnumbered).

This Court ordered Appellant to file proof of the date that Appellant mailed the first notice of appeal. *Per Curiam* Order, 10/11/2019. In response, Appellant submitted copies of two postage cash slips to support his contention that he filed the first notice of appeal on July 23, 2019, and the second notice of appeal on August 13, 2019. Letter from Appellant, 10/21/2019 (Exhibits 1 & 2). The July postage cash slip is hand-dated "07-22-19," but the date stamp of when it was received is illegible. *See id.* (Exhibit 1). This Court discharged the rule to show cause and referred the issue to this panel.

Upon review, this Court is unable to verify an exact date of when the postage cash slip in Exhibit 1 was received. Nonetheless, we are able to conclude from the faint outline of "JUL" that it was received in July. Because Appellant's notice of appeal had to have been filed by July 31, 2019, the last day in July, in order to be considered timely, we are satisfied that this notice of appeal mailed in the month of July was timely filed. Insofar as the July notice of appeal failed to reach this Court, we deem this a breakdown in the operation of the courts and accept Appellant's August 2019 notice of appeal as if timely-filed. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

Before reaching the merits of any purportedly-raised claims, however, we observe that "[a]ppellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may [] dismiss an appeal if the defect in the brief is substantial." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Id.* (citation omitted).

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. This Court will not act as counsel and will not develop arguments on behalf of an appellant. If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived.

*Commonwealth v. Adams-Smith*, 209 A.3d 1011, 1018 (Pa. Super. 2019) (citations and quotation marks omitted).

Instantly, Appellant fails to comply with multiple rules of appellate procedure. *Compare generally* Appellant's Brief *with* Pa.R.A.P. Chapter 21 (relating to briefs and reproduced records); *see also* Pa.R.A.P. 2111 (requiring appellant's brief to contain, *inter alia*, a separate and distinct statement of jurisdiction; order in question; statement of scope and standard of review; statement of questions involved; statement of the case; summary of the argument; argument; and conclusion with relief sought);

Pa.R.A.P. 2116 (requiring a statement of questions involved that states concisely the issues to be resolved); Pa.R.A.P. 2119 (requiring the argument section to be divided into as many parts as there are questions to be argued). Moreover, Appellant has failed to develop any issue in any meaningful fashion capable of review. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2020