J-S05022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :                PENNSYLVANIA
                                               :

                v.                                      :
                                               :

ERIC LEE SHIELDS                         :
                                               :

           Appellant                       :       No. 977 MDA 2019

Appeal from the Judgment of Sentence Entered June 2, 2017,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0001987-2016.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:       **FILED: APRIL 6, 2020**

Eric Lee Shields appeals from the judgment of sentence imposed after he pled guilty to two counts of failure to register[1] under the Sex Offender Registration and Notification Act ("SORNA"). 42 Pa.C.S.A. §§ 9799.10-9799.41. Because the application of SORNA to Shields violates the *ex post facto* clause as stated in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), we vacate Shields' judgment of sentence.

The pertinent facts and procedural history are as follows: Based upon his conduct between December 2011 and August 2012, the Commonwealth charged Shields charged with indecent assault (person less than 13 years of age), corruption of minors, endangering the welfare of children, and indecent exposure at CP-40-0003612-2013.

---

[1] **See** 18 Pa.C.S.A. § 4915.1.

On January 29, 2014, Shields entered into a guilty plea agreement. As part of this plea agreement, Shields understood that he would be required to register as a sex offender. At the time he committed the sexual offenses, the registration requirements were set forth in Megan's Law III. By the time of his guilty plea and sentence, however, Megan's Law III had been replaced by SORNA.

On March 11, 2016, [Shields] was charged with failing to comply with SORNA'S registration requirements. On February 1, 2017, he entered a guilty plea and the trial court sentenced him to an aggregate term of four to ten years. Following the denial of his post-sentence motion, Shields filed an appeal to this Court. On appeal, Shields asserted that his convictions under SORNA violated the *ex post facto* clauses of both the state and federal constitutions. In an unpublished memorandum filed on July 13, 2018, we were constrained to affirm Shields' judgment of sentence because he failed to preserve this claim in his Rule 1925(b) statement. **See Commonwealth v. Shields**, 194 A.3d 607 (Pa. Super. 2018). Our Supreme Court denied Shields' petition for allowance of appeal on March 18, 2019. **Commonwealth v. Shields**, 204 A.3d 920 (Pa. 2019).[2]

_____

[2] On October 4, 2018, Shields filed a *pro se* PCRA petition in which he asserted that counsel was ineffective for failing to amend the Rule 1925(b) statement to include the SORNA claim. By order entered December 21, 2018, the PCRA court denied this petition without prejudice to Shields to refile following resolution of the direct appeal process.

On April 8, 2019, Shields filed a *pro se* PCRA petition in which he raised, *inter alia,* the claim that appellate counsel was ineffective for failing to preserve the ***Muniz*** claim on appeal.[3]  The PCRA court appointed counsel, and PCRA counsel filed a supplement to Shields' *pro se* petition.  The PCRA court held an evidentiary hearing on June 4, 2109.  At the hearing, the parties agreed to reinstate Shields' direct appeal rights *nunc pro tunc*.  This timely appeal followed.  Both Shields and the trial court have complied with Pa.R.A.P. 1925.

Shields now raises the following issue:

> I.  Whether [Shields'] conviction under [SORNA] violates the Ex Post Facto clauses of the Pennsylvania and United States Constitutions.

Shields' Brief at 3 (emphasis omitted).

Regarding such challenges, this Court has recently reiterated:

> legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*. Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*.  If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated.

***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 889–90 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019).

---

[3] This petition does not appear in the certified record.

Here, the trial court concedes that Shields' convictions for violations of SORNA registration requirements must be vacated because its application to Shields, whose criminal offenses occurred prior to SORNA's effective date, violates the constitutional *ex post facto* clauses. The trial court explained:

> As the record reflects, [Shields] committed the sex offenses prior to the December 20, 2012 effective date of SORNA. Given the foregoing, and in reliance on our Supreme Court's decision in *Muniz*, it appears that the application of SORNA's registration and reporting requirements to [Shields'] violated *ex post facto* prohibitions, as it inflicted a greater punishment upon him than the law in effect at the time he committed the underlying sex offenses.
>
> For the foregoing reasons, [Shields'] June 2, 2017 judgment of sentence should be vacated.

Trial Court Opinion, 9/6/19, at 3-4 (citing *Commonwealth v. Lippincott*, 208 A.3d 143, 150-51 (Pa. Super. 2019) (*en banc*); *Commonwealth v. Wood*, 208 A.3d 131, 140 (Pa. Super. 2019) (*en banc*)).

Our reading of Pennsylvania precedent supports the trial court's conclusion. *See*, *e.g.*, *Commonwealth v. Adams-Smith*, 209 A.3d 1011. 1022-23 (Pa. Super. 2019) (reversing conviction for failing to register under SORNA, and vacating judgment of sentence, because retroactive application of SORNA is unconstitutional under *Muniz*).

Although the Commonwealth agrees that Shields would be entitled to relief under *Muniz*, it asserts that the trial court lacked jurisdiction to grant relief, because Shields had an appeal pending from the denial of a previously filed PCRA petition. *See* Commonwealth's Brief at 4. In reply, Shields

responds that the Commonwealth mistakenly refers to a PCRA petition he filed regarding the underlying 2013 charges, (not his 2016 charges for failure to register). Our review of the certified record, as summarized above, confirms that Shields timely filed his PCRA petition in this case regarding his 2016 failure to register charges, and he therefore is entitled to relief. Shields could not be convicted for failure to register, and we must set aside his sentence for this conviction.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2020