J-S29032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEON CULBREATH :
:
Appellant : No. 2391 EDA 2019

Appeal from the PCRA Order Entered July 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008249-2014

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: Filed: July 23, 2020

Leon Culbreath (Culbreath) appeals from the order entered in the Court

of Common Pleas of Philadelphia County (PCRA court) dismissing his first

timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546. We affirm.

**I.**

This case arises from Culbreath's conviction of aggravated assault and

conspiracy for his participation in a January 2014 altercation on a SEPTA bus

at 1:00 a.m.[1] A disagreement over a seat escalated and led to Culbreath and

two other individuals punching a fifty-six year old disabled veteran who used

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702 and 903.

a cane and had mental health issues several times, resulting in fractures to his eye and cheek, a broken nose and a concussion. The assailants exited the bus after the assault and boarded a second bus where they discussed the incident in front of an eyewitness. Both the assault itself and their later discussion about it were captured on videotape.

On March 11, 2015, Culbreath entered an open guilty plea to the above-stated charges. At the hearing, the trial court conducted the following colloquy:

Q. I'm showing you a document entitled, written guilty plea colloquy. Do you recognize it?

A. Yes.

Q. Is this your signature at the bottom of the page?

A. Yes.

Q. Before signing the document, did you review it carefully, with respect to your trial rights, your appellate rights and your options with your attorney?

A. Yes.

* * *

Q. Did you have any trouble understanding this form as you went over it with your attorney?

A. No, Your Honor.

Q. Are you familiar with the alleged conduct in this case, and what the Commonwealth would have to prove in order that you be found guilty?

A. Yes.

Q. Are you satisfied with the services of your attorney so far?

A. Yes.

* * *

Q. Are you under the influence of any drugs or alcohol?

A. No.

Q: Have you ever been diagnosed with a mental condition?

A: Yes.

Q: What it that?

A: Anxiety, bipolar and depression.

Q. Are you taking any medications for any of those conditions?

A. No.

Q. Do you have any trouble understanding what's going on here today?

A. No.

Q. **Has anybody forced you or coerced you to get you to waive your right to a trial?**

A. **No.**

Q. **Has anybody made you any promises to get you to waive your right to a trial?**

A. **No.**

Q. Do you have any questions, at this time, for either myself, your attorney or the Commonwealth attorney?

A. No, none.

(N.T. Guilty Plea, 3/11/15, at 3, 6-7). The trial court found that Culbreath entered a knowing and voluntary plea and it directed him to undergo a mental health evaluation and pre-sentence investigation (PSI). (*See id.* at 11).

On June 8, 2015, the trial court held a sentencing hearing at which it heard from the defense regarding mitigating factors including Culbreath's mental health struggles and difficult family background as well as aggravating factors from the Commonwealth such as his lengthy criminal record and capacity for violence. During the proceeding, defense counsel explained: "So the presentence report— obviously, he was incompetent even at that time— possibly at the time of this guilty plea. But I spoke to him again today, after he's been placed on the medication. He still wishes to proceed this way. He's still very remorseful." (N.T. Sentencing, 6/08/15, at 5). The Commonwealth noted Culbreath's criminal history dating back to 2005 and that his most recent conviction, which occurred after the incident in the instant case, was for simple assault for his assault of a Philadelphia Housing Authority Officer. (*See id.* at 9-11).

At the conclusion of the hearing, the trial court sentenced Culbreath to an aggregate term of not less than five nor more than fifteen years' incarceration followed by ten years of probation. Culbreath's post-sentence motion seeking to withdraw his guilty plea or in the alternative challenging the discretionary aspects of his sentence was denied by operation of law on October 19, 2015. This Court affirmed his judgment of sentence on May 17,

2017, and our Supreme Court denied his petition for allowance of appeal on October 24, 2017.

Culbreath, acting *pro se*, filed the instant timely PCRA petition on February 20, 2018. Appointed counsel filed an amended petition, advancing claims of ineffective assistance of plea counsel and asserting that Culbreath had not been competent to proceed with his guilty plea or sentencing. The PCRA court held oral argument on May 15, 2019, at which it determined that an evidentiary hearing on the petition was unnecessary.[2] The PCRA court issued notice of its intent to dismiss the petition on June 20, 2019,[3] and Culbreath did not file a response. The PCRA court entered its order dismissing the PCRA petition and explaining its rationale for doing so on July 31, 2019. Culbreath timely appealed.[4]

---

[2] "A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Commonwealth v. Adams-Smith**, 209 A.3d 1011, 1019 (Pa. Super. 2019) (citation omitted).

[3] **See** Pa.R.Crim.P. 901(1).

[4] The PCRA court did not order Culbreath to file a Rule 1925(b) statement nor did it issue a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a)-(b).

- 5 -

**II.**

Culbreath first argues[5] that he was incompetent to proceed to his guilty plea and sentencing hearings because of his mental health issues and family background of abuse. Culbreath contends that he should be granted new plea and sentencing hearings once he is determined to be competent.

Before we may address this issue, we must assess Culbreath's eligibility for relief. To be eligible for relief under the PCRA, a petitioner must plead and prove that his conviction or sentence resulted from one of the circumstances delineated by the PCRA. *See* 42 Pa.C.S. § 9543 (outlining eligibility requirements for relief).[6] One of these requirements is that the issue raised

---

[5] We review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. *See* ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015).

[6] This section provides in part:

> **(a) General rule.**—To be eligible for relief under this subchapter, **the petitioner must plead and prove** by a preponderance of the evidence **all** of the following:
>
> \* \* \*
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

was not previously litigated. An issue was previously litigated for purposes of PCRA review if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]." ***Id.*** at § 9544(a)(2).

Instantly, we agree with the PCRA court that the issue of Culbreath's competency to enter his plea and participate in the proceedings before the trial court was already litigated on direct appeal. (***See*** Order Sur PCRA Petition, 8/30/19, at 1 n.1). Specifically, on direct appeal, Culbreath argued that his incompetency negated the voluntariness of his guilty plea. He contended that because his mental health issues were not adequately known during his plea colloquy, his case should be remanded to determine his competency at the time he entered the plea. This Court rejected Culbreath's argument and found, based on the totality of the circumstances, that his guilty

---

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

    \*   \*   \*

(3) **That the allegation of error has not been previously litigated** or waived.

42 Pa.C.S. § 9543(a)(2)(i)-(iii), (3) (emphases added).

- 7 -

plea was knowing, voluntary and intelligent. (**See Commonwealth v. Culbreath**, 2017 WL 2198391, at *2). Because Culbreath's first claim was previously litigated on direct appeal, he is ineligible for PCRA relief on this basis.

### III.

Culbreath's remaining claims challenge the effectiveness of plea counsel. **See** 42 Pa.C.S. § 9543(a)(2)(ii), **supra** (listing ineffective assistance of counsel as basis for PCRA relief). "The law presumes counsel has rendered effective assistance." **Commonwealth v Postie**, 200 A.3d 1015, 1022 (Pa. Super. 2018) (citation omitted). "In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id.** (citation omitted). "The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** (citation omitted). "The petitioner bears the burden of proving all three prongs of the test." **Id.** (citation omitted). Additionally, "counsel cannot be found ineffective for failing to pursue a baseless or

meritless claim." **Commonwealth v. Adams-Smith**, 209 A.3d 1011, 1019 (Pa. Super. 2019) (citation omitted).

**A.**

Culbreath's initial claim of plea counsel's ineffectiveness again centers on his alleged incapacity in that he repeats his contention that his mental illness and family history of abuse led him to enter an involuntary plea. Culbreath further argues that counsel took advantage of these circumstances and convinced him that if he entered a plea, the trial court would impose a sentence that was concurrent to the one he was then serving rather than consecutive thereto.

First, we disagree with the underlying premise of Culbreath's argument that his mental incompetency rendered his plea involuntary. As discussed in detail above, Culbreath has already unsuccessfully litigated the issue of the voluntariness of his plea.

Second, we agree with the PCRA court's finding that Culbreath's claim counsel took advantage of his circumstances and induced him to plead guilty by representing that he would receive a concurrent rather than consecutive sentence lacks record support. Specifically, at the guilty plea colloquy, Culbreath unequivocally stated that no one forced or coerced him to enter a plea and that no one made him any promises to induce him to plead guilty. (**See** Order Sur PCRA Petition, at 1 n.1; N.T. Guilty Plea, at 7). As the PCRA court points out, Culbreath is bound by these statements which he made in

open court while under oath, and he cannot now assert grounds for withdrawing the plea that contradict them. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013). Therefore, Culbreath's contention that counsel induced him to plead guilty by misrepresenting the consecutive nature of his sentence fails.

**B.**

Culbreath next claims that plea counsel was ineffective for failing to file a motion to correct or modify his sentence where the trial court, at the guilty plea hearing, gave him misinformation regarding the possible maximum term of his sentence. Specifically, the notes of testimony indicate the court stated in the context of explaining the few issues that are appealable following the entry of a guilty plea, including the legality of his sentence: ". . . you're advised that if you plead guilty your maximum is four years' incarceration[.]" (N.T. Guilty Plea, at 5). Culbreath asserts that because the maximum sentence he was facing was forty years and not four, counsel should have moved to correct or modify his sentence.

The PCRA court addressed this issue by explaining that the "four" instead of forty appearing in the transcript was likely merely a typographical error. It further determined that this issue is meritless where Culbreath was clearly on notice of the correct maximum possible sentence from the written guilty plea colloquy and short form colloquy, both of which he signed. (*See* Rule 907 Notice, 6/20/19). Furthermore, the record reflects that at the

sentencing hearing, the Commonwealth repeatedly stated that it was seeking a sentence of four to ten years of incarceration, which was at the low end of the guidelines. (*See* N.T. Sentencing, at 6, 17). The court then imposed its sentence of five to fifteen years' incarceration after explaining its rationale, including that Culbreath, at the age of twenty-five, had thirteen arrests and seven convictions, that the instant crime itself showed a predatory tendency, and that he was a danger to society as well as the court's intent to address Culbreath's need for mental health and substance abuse treatment. (*See id.* at 37).

After review, we discern no error in the PCRA court's conclusion that even assuming that it misspoke at the guilty plea hearing as to the maximum possible sentence, there was no basis for plea counsel to file a motion to correct or modify the sentence where Culbreath was on notice of the term he was facing by way of the written plea colloquy and the actual sentence imposed was within the sentencing guidelines. Counsel cannot be deemed ineffective for declining to pursue a meritless claim. *See Adams-Smith*, *supra* at 1019.

**C.**

Finally, Culbreath contends that plea counsel was ineffective for "forcing" the guilty plea and sentencing proceedings to go forward without requesting that a pre-sentence investigator or evaluator be appointed to study his background and determine his competency.

Culbreath's underlying claim is belied by the record, which shows that the court **did** order preparation of a PSI report as well as a mental health report that showed his diagnoses of bipolar disorder and schizophrenia. However, after Culbreath received treatment and was placed on medication for his mental health issues, counsel again discussed his plea with him and he still wished to go forward with sentencing on the plea as planned. In explaining Culbreath's reasoning for going forward, counsel emphasized his remorsefulness and acceptance of responsibility for the assault. Culbreath's claim that counsel should have requested further evaluation and forced him to move forward with the proceedings is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20