J-S29037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LABOY | : | |
| | : | |
| Appellant | : | No. 1056 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000407-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LABOY | : | |
| | : | |
| Appellant | : | No. 1057 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000410-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LABOY | : | |
| | : | |
| Appellant | : | No. 1058 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000411-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                         :
               v.                         :
                                         :
                                         :
JOSE LABOY                                 :
                                         :
                  Appellant           :     No. 1059 EDA 2019

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000412-2015

BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED JULY 29, 2020**

Jose Laboy (Laboy) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

## I.

This case arises from Laboy's conviction at the above-listed docket numbers of two counts of robbery, three counts of burglary, one count of aggravated assault, two counts of unlawful restraint, one count of firearms not to be carried without a license, one count of carrying firearms in public, three counts of criminal conspiracy, one count of possession of an instrument

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

of a crime and one count of resisting arrest[1] stemming from his burglary of multiple residences and the gunpoint robbery of an elderly couple on the night of November 22, 2014. At about 10:00 p.m., the first complainant, Joan Paslowski (Paslowski), heard a knock at her front door and observed Laboy, along with another man who was never identified, peer into her mail slot. The two men attempted to open her front door and remove her window screen. Paslowski called 911 to report the break in. While waiting for police to arrive, she observed Laboy and his co-conspirator leave her property and walk next door to the home of Marie Regis (Regis) and her husband Antoine Linder (Linder).

Eighty-five year old Regis and ninety-two year old Linder heard a knock on their front door and Regis opened it, expecting to see their grandson. Laboy, armed with a hammer along with his accomplice, brandishing a firearm, forced their way into the home. The men restrained both victims at gunpoint by sitting them in chairs and tying them up with bedsheets, wrapping the sheets around their heads to gag and blindfold them. Laboy ripped the telephone from the wall and ransacked the residence, taking jewelry, a television, $225.00 in cash and several bottles of prescription medication. The men fled the property and broke into the back door of a third neighboring

---

[1] 18 Pa.C.S. §§ 3701(a), 3502(a)(1), 2702(a), 2902, 6106, 6108, 903, 907 and 5104, respectively.

residence but did not take anything because the items inside were primarily heavy power tools.

Philadelphia Police Officers Patrick Biles and David Mockus arrived at Paslowski's home to investigate the burglaries and Laboy and his accomplice fled to a nearby wooded area. The officers spotted the men hiding in the tall grass and moved to arrest them. As Officer Biles approached, Laboy lunged at the officer, striking him headfirst in the knees and causing him to fall down a steep hill. Officer Biles held onto Laboy, who fell down the hill with him and attempted to flee upon regaining his footing. Officer Biles punched Laboy to subdue and arrest him. Laboy provided a written confession to police while in custody.

On June 17, 2015, Laboy entered an open guilty plea to the above-stated charges. The trial court deferred sentencing for preparation of mental health and pre-sentence investigation (PSI) reports. The court sentenced Laboy on January 27, 2016, to an aggregate term of not less than eleven nor more than twenty-two years' incarceration, followed by ten years of probation.[2] Laboy initially filed a direct appeal but later withdrew it.

On July 7, 2016, Laboy, acting *pro se*, filed the instant timely PCRA petition. Appointed counsel filed an amended petition on March 7, 2018,

---

[2] Laboy filed an untimely *pro se* post-sentence motion on February 18, 2016, seeking modification of his sentence.

claiming that plea counsel was ineffective for failing to file a motion to reconsider sentence. After issuing notice of its intent to do so, on March 28, 2019, the PCRA court entered its order dismissing the petition as frivolous. *See* Pa.R.Crim.P. 907(1). This timely appeal followed. Laboy and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

On appeal, Laboy raises two interrelated issues in which he challenges the effectiveness of plea counsel and the PCRA court's decision not to hold an evidentiary hearing on the matter. Specifically, Laboy claims that counsel should have filed a motion to modify his lengthy sentence because the sentencing court did not give sufficient consideration to various mitigating factors in his background, including his young age, lack of prior criminal record, mental health issues, his remorsefulness for the crime and his family support. We will address these issues together for ease of disposition.[3]

**A.**

Laboy's core argument challenges the effectiveness of plea counsel. *See* 42 Pa.C.S. § 9543(a)(2)(ii) (listing ineffective assistance of counsel as basis for PCRA relief). "The law presumes counsel has rendered effective assistance." *Commonwealth v Postie*, 200 A.3d 1015, 1022 (Pa. Super. 2018) (citation omitted). "In general, to prevail on a claim of ineffective

---

[3] We review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. *See Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* (citation omitted). "The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted). "The petitioner bears the burden of proving all three prongs of the test." *Id.* (citation omitted). Additionally, "counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Adams-Smith*, 209 A.3d 1011, 1019 (Pa. Super. 2019) (citation omitted).

"A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." *Id.* (citation omitted). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

**B.**

As noted above, Laboy claims that plea counsel was ineffective for failing to file a post-sentence motion asserting the sentencing court failed to consider various mitigating factors in imposing a term of eleven to twenty-two years' incarceration followed by ten years of probation. Laboy contends that the court neglected to consider that he was twenty years old at the time of the burglaries; had no prior convictions; had mental health and drug abuse issues; took responsibility for the offenses by pleading guilty; demonstrated remorse during the proceedings; and had a family support system including a daughter.[4]

The record reflects that during Laboy's plea colloquy, the trial court made clear to him that his maximum exposure at sentencing was 177 years of incarceration. (*See* N.T. Guilty Plea, 6/17/15, at 5). The Commonwealth argued for imposition of a term of twenty to forty years' imprisonment. It cited to the unnecessarily traumatic attack on the elderly couple, in which Laboy and his cohort held them at gunpoint, tied them up so they could not move and wrapped bed linins around their entire faces to obstruct their vision

---

[4] Laboy's underlying claim challenges the discretionary aspects of his sentence. "Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001) (citation omitted). An appellant does not have an automatic right to appeal the discretionary aspects of his sentence on direct appeal and must petition this Court for permission to appeal. **See** 42 Pa.C.S. § 9781(b).

and breathing. (*See* N.T. Sentencing, 1/27/16, at 8-10). It also pointed out that although Laboy's prior record score was zero, he had been arrested numerous times for crimes of escalating violence, including for beating a man with bricks. (*See id.* at 11, 15-16).

Defense counsel argued for a five to ten-year sentence and emphasized Laboy's young age, lack of prior convictions and that he has ADHD hyperactive and bipolar disorders along with substance abuse issues. (*See id.* at 5-6). Laboy expressed that he felt sorry for everyone involved in this case, including his family, and that although he was "involved" in the instant offenses, he "didn't do it, though." (*Id.* at 19).

The sentencing court, after considering these arguments along with the information in the PSI and mental health reports, ran the counts for some of the offenses concurrent to one another and imposed an aggregate sentence within the sentencing guidelines. The sentence was considerably lower than the maximum possible sentence and the term requested by the Commonwealth. The court explained its rationale for the sentence, stating:

> I have reviewed everything sir. Quite frankly, it's disturbing, to say the least.
>
> True remorse is not a fear of consequences; it's a regret over motives. I think you are afraid of the consequences of your actions, not the actions that precipitated this.
>
> I mean, the burglary was bad enough. Robbery, elderly people, tying them down, rip their phone out so they can't even call for help. To cover them up after they have just seen you, that has to be just plain torture. They already saw who you were. What's the whole point of this?

\*    \*    \*

> When we get to the aggravated assault . . . the officer you tried to kneecap, that was nothing more than a sheer attempt to injure the officer so he could not go anywhere near you. It was bad enough you did all these things, but not withstanding the fact that you were caught, you decided to go the extra step and try to knock out his knees, which you did manage to do. . . .

(***Id.*** at 20, 22-23).

As can be seen, the sentencing court carefully weighed all of the mitigating and aggravating factors in this case in crafting its sentence. Additionally, because the sentencing court considered both a PSI and mental health report in determining an appropriate sentence, we presume that it was aware of all relevant information regarding Laboy's character and weighed those considerations along with mitigating factors. ***See Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). We, therefore, agree with the PCRA court's conclusion that Laboy's underlying claim challenging the discretionary aspects of his sentence lacks merit and plea counsel was not ineffective for failing to pursue this baseless claim. In addition, because there were no material facts at issue, the PCRA court properly dismissed Laboy's PCRA petition without a hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *7/29/2020*